IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED IN OPEN COURT
SEP - 7 2023
CLERK U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>FREDERICO EZEQUIEL SANTORO VASSALLO,<br><br>A/K/A<br><br>"FEDERICO SANTORO VASSALLO,"<br><br>*Defendant.* | Case No. 1:23-CR-143<br><br>Count 1:<br>Conspiracy to Commit Money Laundering<br>(18 U.S.C. §§ 1956(h) and 1956(a)(2))<br><br>Forfeiture Notice<br><br>**UNDER SEAL** |

## INDICTMENT

September 2023 Term – Alexandria, Virginia

GENERAL ALLEGATIONS

1.  At all times relevant to this Indictment, FREDERICO EZEQUIEL SANTORO VASSALLO ("SANTORO"), a.k.a. "FEDERICO SANTORO VASSALLO," was a Paraguay-based transnational money launderer and close associate of a transnational drug trafficker, hereinafter referred to as Unindicted Co-Conspirator 1 ("CC-1"). CC-1 is responsible for the movement of ton quantities of cocaine from South America to Europe. Specifically, SANTORO served as a transnational money launderer for CC-1's drug trafficking organization. SANTORO was in direct communication with CC-1 and facilitated the movement of millions of dollars of CC-1's drug proceeds from various countries in Europe to South America and other locales abroad. SANTORO provided this same service to others.

2. SANTORO would accept payment for his money laundering services in the form of a percentage of the illicit bulk cash proceeds that he laundered for CC-1 and others.

3. SANTORO worked with co-conspirators both known and unknown to the grand jury to arrange the transfer of bulk Euros, including more than one million Euros at a time, from various locations in Europe to other destinations abroad.

4. SANTORO would utilize couriers and tokens to covertly deliver bulk illicit currency, typically in Euros, to his co-conspirators, including in suitcases on the side of public roadways in Europe. His co-conspirators specialized in placing illicit currency into the global banking system.

5. Once the drug proceeds of CC-1 and others were placed into the European banking system, SANTORO would direct the movement of the funds internationally, typically via bank wire transfer.

6. Typically, SANTORO would direct that the funds delivered be in U.S. dollars and a correspondent bank located in the United States would be involved to facilitate the transaction.

7. At least one of the bank wire transfers made by SANTORO and his co-conspirators was routed through a U.S. correspondent bank's server located in Richmond, Virginia, within the Eastern District of Virginia.

8. SANTORO and his co-conspirators would conceal the ownership and source of the funds by creating false invoices to justify the wire transfers.

9. SANTORO and his co-conspirators moved CC-1's and others' illicit funds into various unrelated bank accounts held by different, unrelated, entities.

10. SANTORO and his co-conspirators used at least seven businesses to facilitate the transmission of money for CC-1 and others. SANTORO and his co-conspirators hid the location

and ownership of the assets being laundered by placing them in the names of unrelated companies all registered as purportedly doing business in different, unrelated, industries. SANTORO and his co-conspirators used businesses registered in South America and Asia to receive the laundered drug proceeds.

11. During the course of the conspiracy, SANTORO threatened violence against others including for failures to move illicit money to SANTORO's satisfaction.

12. In total, SANTORO laundered many millions of drug proceeds. In one span of less than five months, SANTORO directed the movement of at least eight million U.S. dollars in funds derived from drug trafficking through U.S. correspondent banks.

## COUNT ONE

*(Conspiracy to Internationally Launder Monetary Instruments)*

THE GRAND JURY CHARGES THAT:

13. Paragraphs 1 to 12 of the General Allegations section of this Indictment are re-alleged and re-incorporated as if fully set forth herein.

14. Beginning in at least November 2019 and continuing thereafter up to and including September 2021, the exact dates being unknown to the Grand Jury, in Belgium, Chile, China, the Netherlands, Paraguay, Portugal, New York, and the city of Richmond, Virginia, within the Eastern District of Virginia, and elsewhere, the defendant, FREDERICO EZEQUIEL SANTORO VASSALLO, did knowingly and unlawfully combine, conspire, confederate, and agree with other persons both known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit:

(a) to transport, transmit, and transfer, and attempt to transport, transmit, and transfer, a monetary instrument and funds from a place in the United States to and through a place

outside the United States and to a place in the United States from and though a place outside the United States with the intent to promote the carrying on of specified unlawful activity, to wit: an offense against a foreign nation involving the manufacture, importation, sale, and distribution of a controlled substance (as such term is defined for the purposes of the Controlled Substances Act) as defined in Title 18, United States Code, Section 1956(c)(7)(B)(i) (hereinafter, the "Specified Unlawful Activity"), in violation of Title 18, United States Code, Section 1956(a)(2)(A); and

(b) to transport, transmit, and transfer, and attempt to transport, transmit, and transfer, a monetary instrument and funds involving the proceeds of the Specified Unlawful Activity, from a place in the United States to and through a place outside the United States, and to a place in the United States from and though a place outside the United States, knowing that the monetary instrument and funds involved in the transportation, transmission, and transfer represent the proceeds of some form of unlawful activity and known that such transportation, transmission, and transfer was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the Specified Unlawful Activity, in violation of Title 18, United Sates Code, Section 1956(a)(2)(B)(i).

## OBJECT OF THE CONSPIRACY

15. The object of the conspiracy was to transfer funds derived from the unlawful sale of cocaine in Europe into U.S. dollars back to the South American drug traffickers in a manner designed to conceal the nature, source, and ownership of those funds, and to promote the carrying on of drug trafficking and the enrichment of the members of the conspiracy.

(All in violation of Title 18, United States Code, Section 1956(h)).

## FORFEITURE NOTICE

The GRAND JURY FINDS that there is probable cause that the property described in this FORFEITURE NOTICE is subject to forfeiture pursuant to the statutes described herein.

Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, the defendant, FREDERICO EZEQUIEL SANTORO VASSALLO, a.k.a. "FEDERICO SANTORO VASSALLO," is hereby notified that if convicted of the offense set forth in Count One of the Indictment, the defendant, FREDERICO EZEQUIEL SANTORO VASSALLO, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, and any property traceable to such property.

Pursuant to 21 U.S.C. § 853(p), the defendant, FREDERICO EZEQUIEL SANTORO VASSALLO, shall forfeit substitute property, if, by any act or omission of the defendant, FREDERICO EZEQUIEL SANTORO VASSALLO, the property referenced above cannot be located upon the exercise of due diligence; has been transferred, sold to, or deposited with a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

(In accordance with Title 18, United States Code, Section 982(a)(1); Title 21, United States Code, Section 853(p); and Federal Rule of Criminal Procedure 32.2(a))

A TRUE BILL

*Pursuant to the E-Government Act, The original of this page has been filed under seal in the Clerk's Office*

_____
Foreperson

Jessica D. Aber
United States Attorney

By: /s/ Anthony Aminoff
Anthony Aminoff
Bibeane Metsch
Assistant United States Attorneys

5